**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-44(ESH) |
| | : | |
| v. | : | |
| | : | SENTENCING: 8/9/07 |
| | : | |
| TARIK HARRISON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR GUIDELINES CREDIT AND**
**MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1 of the Sentencing Guidelines, to adjust the Defendant's offense level down three levels reflecting the Defendant's acceptance of responsibility for this offense. The United States also submits this memorandum in aid of sentencing.

**I.     BACKGROUND**

On February 27, 2007, the Defendant was charged in a one-count Indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 United States Code, Section 922(g)(1). On May 2, 2007, the Defendant pled guilty to the Indictment. At that time the Defendant signed a "Statement of offense" and admitted to following:

On February 6, 2007, at approximately 10:50 p.m., while patrolling the 2200 block of Savannah Terrace, Southeast, Metropolitan Police Department Officer Christopher Smith saw the Defendant walking with a group of males. Officer Smith stopped the Defendant and asked the

Defendant for identification. During the stop, Officer Smith saw the handle of a gun sticking out of the Defendant's right pants pocket. Thereafter, the police recovered a loaded nine millimeter Ruger Pistol from the Defendant's pocket. The pistol contained one round of nine millimeter ammunition in the chamber, and 20 rounds of 9 millimeter ammunition in the magazine. The gun and the ammunition that were recovered in this case were not manufactured in the District of Columbia.

On February 6, 2007, the Defendant had been previously convicted of a felony in this District, in criminal case number F-2447-99.

## II. SENTENCING CALCULATION

### A. Statutory Minimums and Maximums

The charge carries a maximum penalty of 10 years imprisonment, a maximum fine of $250,000, and a maximum period of supervised release of three years.

### B. Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the Defendant's total offense level at 17. See PSR ¶ 21. (This calculation contemplates a three-level decrease in the Defendant's base offense level pursuant to Section 3E1.1 of the Guidelines). The PSR calculates the Defendant's criminal history as Category V. See PSR ¶ 29. Therefore, the PSR calculates the Guideline range for the Defendant at 46 to 57 months. See PSR ¶ 62.

## III. GOVERNMENT'S RECOMMENDATIONS

### A. Acceptance of Responsibility

The government agrees that the Defendant's base offense level should be decreased by three points pursuant to Section 3E1.1 of the Sentencing Guidelines. He entered a guilty plea, thereby

admitting the conduct comprising the offense, and he has cooperated in the pre-sentence investigation. Accordingly, the government is moving the Court to grant a three-level decrease in the offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

    B.    <u>Sentencing Recommendation</u>

Pursuant to 18 United States Code, Section 3553(a), the Court should impose a sentence of 46 months. This sentence is reasonable because it would help further the goals articulated in 18 U.S.C. Section 3553(a). These factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence, any pertinent policy statements issued by the Sentencing Commission and the need to avoid unwarranted sentencing disparities among similarly situated defendants. See 18 U.S.C. § 3553(a).

First, such a sentence is warranted by the nature and circumstances of the offense. Here, the Defendant was caught with a loaded, nine millimeter pistol protruding from his pocket, and the Defendant has previously been convicted of a felony gun offense. The instant offense is a serious drug felony.

Second, the Defendant's history warrants a sentence of 46 months imprisonment. Although he is young, the Defendant's criminal history evinces his repeated willingness to possess loaded guns. This is not the first time that the Defendant has been convicted of a weapons offense. Significantly, the Defendant has two prior gun convictions, both of which occurred within the last ten years. Moreover, the Defendant committed the offense of Carrying a Pistol Without a License in criminal case 2000 FEL 5963 while he was on probation for the same offense in criminal case 1999 FEL 2447. Additionally, the Defendant has an apparent history of evading authorities at the time of arrest for his prior gun offenses. For example, on October 3, 2000, the Defendant, who was

carrying a loaded, nine millimeter hand gun, ran when officers who were responding to a report of gunshots, approached him. See PSR ¶ 24 (description of offense in case 2000 FEL 5963). Similarly, on April 13, 1999, the Defendant, who was carrying a loaded, .38 caliber special revolver, attempted to flee when officers initiated a stop. See PSR ¶ 23 (description of offense in case 1999 FEL 2447). The Defendant's history supports a sentence within the Guidelines range.

Finally, a sentence of 46 months imprisonment is reasonable and necessary to promote adequate deterrence, and to avoid unwarranted sentencing disparities among similarly situated defendants. Here, the Defendant has repeatedly made the conscious and intentional decision to carry loaded weapons, despite his prior periods of incarceration and/or probation for similar behavior and his personal experience of having been the victim of gunshot injuries himself, and of losing a close friend who suffered fatal gun shot injuries. Based on all of these factors, the Court cannot be confident that the Defendant will not choose to continue to carry loaded weapons. In this case, a Guidelines sentence is necessary to promote respect for the law, provide just punishment for the offense and adequately deter the Defendant's criminal conduct.

**IV.     CONCLUSION**

Wherefore, the government respectfully requests that the Court sentence the Defendant to a period of 46 months of incarceration.

                           Respectfully submitted,

                           JEFFREY A. TAYLOR
                           United States Attorney
                           D.C. Bar 498-610

                           _____/s/_____
                           Precious Murchison
                           Assistant United States Attorney
                           Federal Major Crimes Section
                           Maryland Bar
                           555 4th Street, N.W.
                           Washington, DC 20530
                           (202) 307-6080
                           Fax: 353-9414